**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

LINDA J. SUMMERS,

        Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner,
Social Security Administration,

        Defendant.

Case No. 05-CV-40-FHM

## ORDER

Plaintiff, Linda J. Summers, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's February 25, 2002, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held August 13, 2003. By decision dated August 28, 2003, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on December 2, 2004. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born June 30, 1958, and was 46 years old at the time of the hearing. She has a high school education and formerly worked as poultry processor, cook and sewing machine operator. She claims to have been unable to work since August 1, 1997, as a result of back, leg, hand and foot pain and numbness, neuropathy, heart problems, stroke effects, diabetes and depression. Plaintiff previously applied for benefits. An earlier claim was denied on December 6, 2000. That application was not re-opened. Therefore the time period under consideration in this case is December 7, 2000 to August 28, 2003, the date of the ALJ's decision.

The ALJ determined that Plaintiff retains the ability to lift/carry 20 pounds occasionally or 10 pounds frequently. She can sit, stand, or walk 6 hours during an 8-hour day. She must have a sit-stand option that she can exercise at will. [R. 20]. Although these limitations preclude performance of her past relevant work, based on the testimony of a vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 21-22]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: erred in finding that Plaintiff's depression was non-severe at step two of the evaluative sequence; failed to properly assess her physical limitations; and failed to properly evaluate her credibility. For the reasons expressed below, the Court holds that the existing record and findings will not support the denial of benefits on the ALJ's stated rationale and, therefore the case must be REVERSED and REMANDED for further proceedings.

An overview of Plaintiff's medical history follows. Plaintiff was in a motor vehicle accident in August 1977. She had back surgery on November 18, 1999. As of April 18, 2000, her surgeon, Dr. Billings described Plaintiff as doing very very well." [R. 297]. In May 2000 Dr. Billings expressed the opinion that Plaintiff could not do work requiring prolonged sitting or standing. He opined that she could lift 25 pounds by squatting, rather than bending. [R. 296].

The medical record reflects that after Plaintiff's previous claim was denied, her back and legs continued to bother her and she began to experience chest pain. On December 29, 2000, a heart catheterization was performed. [R. 320]. A stress test revealed that Plaintiff could exercise for two minutes before becoming fatigued and having to stop. [R. 326]. In May 2002 Plaintiff's physician documented her reports of chest pain, occurring approximately two times per week, brought on by activity or stress. [R. 329]. In March 2003 Plaintiff was treated in the emergency room for chest pain and in May 2003 another heart catheterization was performed, revealing moderate coronary artery disease. [R. 450].

On June 24, 2003, Plaintiff was admitted to the hospital with sudden right sided weakness and seizure activity. MRI studies showed findings unusual for a 45 year old,

3

which were suggestive of the possibility of multiple sclerosis or small vessel atherosclerotic disease associated with diabetes. [Dkt. 18-2, p. 2].[2]  On June 27, 2003, she was discharged from the hospital using a walker to ambulate as the discharge summary reflects that she was unable to stand without a walker.  The hospital records indicate that Plaintiff was to receive occupational and physical therapy at home. [Dkt. 18-2, p. 3].  The record contains no medical records from the date of her discharge to the date of the hearing on August 13, 2003, just 47 days after her discharge from the hospital.

The ALJ summarized Plaintiff's testimony, as follows:

> At the hearing, Ms. Summers testified she felt pain in her back and that the pain extended to the soles of her feet.  After rising from a bending position, she must stand for a few minutes before she can begin walking.  She lies on the floor to relieve her back pain.  She also uses heat and a TENS unit but neither affords much relief.  Her blood pressure and blood sugars remain elevated and there are times when she is unable to function.  She feels tired and dizzy and is unable to concentrate.  Her depression increases with her pain level.
>
> Estimating her physical limitations, Ms. Summers said she could not sit or stand for prolonged periods.  She was able to walk just 20-30 feet and could not manage to lift even as little as a gallon of milk.

[R. 20].  The ALJ stated he was not persuaded that Plaintiff's impairments are as severe as she alleges.  He stated:

> Her severe self-described physical limitations are not supported by the medical evidence.  Treating source Anthony

---

[2] Although the ALJ discussed them, records pertaining to Plaintiff's June 24, 2003, admission do not appear in the administrative record submitted by the Commissioner.  Plaintiff's unopposed motion to supplement the record [Dkt. 15] was granted, and the missing records were filed on July 13, 2005. [Dkt. 18].  The Commissioner was also given the opportunity to file a corrected record to include those records. [Dkt. 26].  The Commissioner filed a corrected record, but it also failed to include those records.
   Since the Commissioner had no objection to Plaintiff's submission and since the ALJ clearly referred to the records Plaintiff submitted, the Court has considered them as part of the administrative record.

> Billings, M.D. did not indicate he believed the claimant was completely disabled from performing all work (Exhibit 15F, p. 3).[3]  Nothing in the record, including her cerebrovascular accident in June 2003, suggests that Dr. Billings' conclusion should be revisited.  Finally, it must be noted that claimant has a relatively weak work history.

[R. 20].  The ALJ's credibility analysis is insufficient under the Commissioner's Regulations and case authority.

In evaluating a claimant's complaints of pain, the ALJ is required to consider factors such as the levels of medication taken by claimant and their effectiveness, the extensiveness of claimant's attempts (medical or nonmedical) to obtain relief, the frequency of claimant's medical contacts, the nature of her daily activities, subjective measures of credibility, and the consistency or compatibility of claimant's testimony with the objective medical evidence.  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).  The ALJ's decision does not demonstrate he considered any of those factors.

Furthermore, the factors the ALJ relied upon do not support his credibility determination.  Dr. Billings' May 2000 opinion preceded the relevant time period, December 2000 to August 2003 by more than six months.  Therefore his opinion does not purport to provide any information about Plaintiff's condition during that time.  Moreover, the record clearly reflects that Plaintiff began to suffer cardiac problems after the date of Dr. Billings' report.  And, she had a stroke just 47 days before the hearing.

However, even if Plaintiff had not encountered those additional health problems, Dr. Billings' May 2000 report does not support a finding that she could work.  Dr. Billings indicated that he anticipated that Plaintiff would have problems in the future.  He stated that

---

[3] Exhibit 15F, p. 3 is page 296 of the Record.

5

Plaintiff's "prognosis is guarded" and cautioned that "she may ultimately have further problems at the level of the L4-5 disk" due to wear and tear at that level. [R. 296]. Rather than a factor weighing against Plaintiff's credibility, Dr. Billings' report actually tends to support Plaintiff's credibility.

The Court finds that the ALJ failed to perform a proper credibility analysis. Further the analysis he did conduct is not supported by substantial evidence in the record. Therefore, the decision is REVERSED and the case is REMANDED for further consideration.

SO ORDERED this 17th day of April, 2006.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE